IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHANDRA BATTLE,<br><br>    Plaintiff,<br><br>v.<br><br>FINISH LINE, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 1:16-CV-4490-ODE-WEJ |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff, LaShandra Battle, filed the instant Complaint [1] alleging that defendant, Finish Line, Inc., discriminated against her based on race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. This case is before the Court on defendant's Motion to Dismiss [13]. For the reasons set forth below, the undersigned **RECOMMENDS** that said Motion be **GRANTED**.

**I.    DISCUSSION**

On March 31, 2017, plaintiff filed a Motion to Stay Proceedings Pending Arbitration [8]. Plaintiff stated that she had signed an Arbitration Agreement [8-1], which she attached to the Motion to Stay, and requested a 180-day stay in order to comply with that agreement and engage in arbitration. (Pl.'s Mot. Stay

2.) The Arbitration Agreement requires the parties to resolve employment-related claims exclusively via binding arbitration and imposes a 180-day deadline to engage in arbitration after a demand has been filed. (Id. Ex. 1.) The Court granted [9] plaintiff's Motion and stayed the case as requested.

On October 5, 2017, the Court issued an Order noting that the 180-day stay had expired and that defendant had indicated that no arbitration occurred. On October 6, plaintiff's counsel indicated via email to the Court's Deputy Clerk and opposing counsel that he would be filing an arbitration request that day. (See Def.'s Mot. Dismiss Ex. 1 [13-2].)

On November 6, 2017, defendant filed the instant Motion to Dismiss, stating that plaintiff had failed to file a demand for arbitration or otherwise initiate that process. (Def.'s Mem. Supp. Mot. Dismiss [13-1] 4.) Plaintiff has failed to respond to defendant's Motion, and the time to do so has expired.

When a plaintiff fails to respond to a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b), granting the motion based solely on the party's failure to respond is within the discretion of a district judge. See Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998) (per curiam). Moreover, plaintiff has acknowledged signing the Arbitration Agreement and failing to follow the 180-day deadline therein for initiating arbitration of

employment-related claims. Based on those circumstances, the undersigned **REPORTS** that dismissal is appropriate, and **RECOMMENDS** that defendant's Motion to Dismiss be **GRANTED**.

II. **CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss [13] be **GRANTED** and the Complaint [1] be **DISMISSED**.

The Clerk is directed to terminate the reference to the undersigned Magistrate Judge.

**SO RECOMMENDED**, this 22nd day of November, 2017.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE